UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 1:22cv23288

CORTEZ OLIVER,

    Plaintiff,

vs.

ADVENIR LIVING, LLC,

    Defendant,
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, CORTEZ OLIVER (hereinafter referred to as "OLIVER"), sues the Defendant, ADVENIR LIVING, LLC a Florida Limited Liability Company (hereinafter referred to as "ADVENIR") and states as follows:

1. This is an action for damages being brought pursuant to Title VII of the Civil Rights Act of 1964.

## PARTIES

2. The Plaintiff, OLIVER, is an individual over the age of eighteen (18) years of age, residing in Buford, Gwinnett County, Georgia.

3. The Defendant ADVENIR, is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business located in Miami-Dade County, Florida.

4. All times material hereto, Defendant ADVENIR was a Miami-based full-service real estate company with a focus on multi-family apartment communities.

5. At all times material hereto, OLIVER was employed by ADVENIR as a Regional Director of Operations, overseeing properties located in Alabama, Georgia, North Carolina, and

1

South Carolina.

6. At all times material hereto, ADVENIR's corporate leadership team and human resources operated out of the corporate office located in Miami-Dade County, Florida

**JURISDICTION & VENUE**

7. The Court has jurisdiction over the subject matter of this action pursuant to 28 USC §1331, as this Court has original jurisdiction over federal questions arising under Title VII of the Civil Rights Act of 1964.

8. The Court has jurisdiction over the subject matter of this action pursuant to 28 USC §1332(a) because the matter in controversy exceeds the jurisdictional threshold, exclusive of costs, it is between citizens of different states, and because the Defendant has certain minimum contacts with the State of Florida such that the maintenance of the suit in this district does not offend traditional notions of fair play and substantial justice.

9. Venue in the United States District Court for the Southern District of Florida is proper pursuant to 28 USC § 1391(a)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims and causes of action occurred in this judicial district, and because Defendant was subject to personal jurisdiction in this judicial district at the time of the commencement of the action.

10. On or about April 7, 2022, OLIVER timely filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") against ADVENIR for discrimination in employment and for retaliation. The EEOC issued its Dismissal and Notice of Right to Sue on July 11, 2022 for violations of Title VII of the Civil Rights Act of 1964. A copy of the Right to Sue letter is attached as Exhibit "A".

11. All conditions precedent to bringing this cause of action have been met or have been waived by the Defendant.

12. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-(2)(a), et seq., prohibits employers from discriminating against individuals based upon their race.

13. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-(3)(a), prohibits employers from engaging in retaliatory practices against individuals who have objected to discriminatory treatment and/or practices.

14. ADVENIR is a covered employer to which the Title VII of the Civil Rights Act applies in that it employs more than fifteen (15) people who are present "for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

15. OLIVER began working for ADVENIR on December 1, 2020 as a Regional Director of Operations. When he was hired, he was not provided with complete formal training or complete onboarding regarding the Defendant's properties and procedures.

16. In or about September 2021, ADVENIR hired a woman named Dena Hilyer as a Regional Director to even the workload within OLIVER's regions.

17. Shortly after Hilyer began her employment, OLIVER discovered that Hilyer, who is a white/Caucasian woman, and another employee who was hired to be an assistant property manager and who is also a white/Caucasian woman, were being paid more at a Dawsonville, GA property than Black employees who were performing for the same type jobs at a larger Marietta, GA property. In addition to being paid more, the white employees had less responsibility than the Black employees, because the Dawsonville property only had 240 units, whereas the Marietta property had 304 units.

18. When OLIVER questioned the pay disparity between the Caucasian and Black employees, Regional VP Heather Gaff told OLIVER not to worry about it, that the company knew his value and that he would be getting a pay raise soon, indicating to OLIVER that he was getting

paid less than white/Caucasian employees.

19. In addition to the pay disparity, OLIVER also noticed that Hilyer was being given newer and more favorable properties, with fewer residents and fewer problems to oversee than the properties he was assigned to manage.

20. OLIVER also discovered that the recently hired white/Caucasian employees went through an onboarding process and were provided training by the Defendant that had never been offered to him. OLIVER inquired to receive the same training but was still never awardee the training.

21. OLIVER verbally discussed the pay and workload disparity with his manager, Heather Gaff, who agreed to address the situation.

22. In October 2021, OLIVER discovered that ADVENIR was enforcing its mask mandate policy in a discriminatory manner in that black employees were held to a different standard than white employees in regard to when and where the employees would be required to wear a mask.

23. In December 2021, after OLIVER lodged several verbal complaints regarding disparate treatment based upon race, OLIVER was told by Heather Gaff that his job was in jeopardy.

24. On or about December 22, 2021, OLIVER emailed a formal complaint of racial discrimination and retaliation to Ruth London, the Defendant's Human Resources Director and Carl Swafford, the Defendant's Chief Operation Officer of Operations.

25. On or about January 13, 2022, Carl Swafford flew to Georgia and terminated OLIVER in person. Since the specific purpose of the meeting was to terminate CORTEZ, it was clear that the decision to terminate had been made in the Defendant's Miami based corporate

office.

## COUNT I – RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

26. The Plaintiff readopts and restates the allegations contained in paragraphs one (1) through twenty-five (25) as if more fully set forth herein.

27. OLIVER is an employee within the meaning of Title VII of the Civil Rights Act of 1964.

28. Between December 1, 2020 and January 13, 2022, OLIVER was subjected to different terms and conditions of his employment, including rates of pay, based upon his race, African American.

29. ADVENIR had a pattern and practice of paying black employees less money than white employees for the same positions, even though statistically the white employees had less work due to overseeing fewer units/properties.

30. In addition, OLIVER was informed by a former employee of ADVENIR who worked in human resources that he had to fight to get OLIVER paid close to what other white Regional Directors were being paid.

31. ADVENIR also assigned black employees, such as OLIVER, older communities with higher crime rates, in less affluent neighborhoods, and with more problems, than the properties assigned to white employees.

32. After OLIVER questioned Heather Gaff, Regional VP about the disparate employment practices, he was told that his job was in jeopardy even though he had never received a poor evaluation, nor was he placed on a performance improvement plan (PIP).

33. On January 13, 2022, after OLIVER had submitted a formal written complaint to human resources and to Carl Swafford, the Senior VP of Operations of ADVENIR, he was

summarily fired by Mr. Swafford.

34. Prior to being terminated, OLIVER had not been placed on a PIP nor was he offered the opportunity to step down to a community manager position as ADVENIR had previously done for a white Regional Director within the same time period that OLIVER was terminated.

35. ADVENIR'S disparate treatment of black employees, such as the Plaintiff, OLIVER, violated Title VII of the Civil Rights Act of 1964.

36. As a result of ADVENIR'S actions, OLIVER has suffered and will continue to suffer both economic and non-economic harm.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, CORTEZ OLIVER, respectfully requests that this Court enter Judgment in favor of Plaintiff and against Defendant and award the following relief:

a. Declaratory relief, including but not limited to a declaration that Defendant ADVENIR discriminated against OLIVER on the basis of race;

b. Appropriate injunctive relief, including but not limited to reinstatement of OLIVER'S position with ADVENIR and an order restraining ADVENIR from engaging in further discriminatory conduct of the types alleged in this Complaint;

c. Back pay in an amount to be determined at trial;

d. In the event reinstatement is not granted, front pay;

e. Compensatory and consequential damages, including for emotional distress against defendant ADVENIR;

f. Punitive damages against defendant ADVENIR;

g. Pre-judgment and post-judgment interest at the highest lawful rate;

h. Attorneys' fees and costs of this action; and

i. Any such further relief as the Court deems appropriate.

## COUNT II – RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

37. The Plaintiff readopts and restates the allegations contained in paragraphs one (1) through twenty-five (25) as if more fully set forth herein.

38. OLIVER is an employee within the meaning of Title VII of the Civil Rights Act of 1964.

39. Title VII of the Civil Rights Act prohibits retaliation against employee who object to discriminatory conduct in the workplace.

40. Between September 1, 2021 and December 22, 2021, OLIVER complained both verbally and in writing, about disparate treatment of black employees, including himself, as compared to white employees.

41. On January 13, 2022, OLIVER was terminated for engaging in protected activity; to wit: complaining about disparate treatment and discrimination in the workplace.

42. Carl Swafford, the individual who terminated OLIVER was one of the same individuals to whom OLIVER had complained to about discrimination and disparate treatment.

43. ADVENIR's stated reasons for the termination of OLIVER was pretextual.

44. ADVENIR'S retaliatory discharge of Plaintiff, OLIVER, violated Title VII of the Civil Rights Act of 1964.

45. As a result of ADVENIR'S actions, OLIVER has suffered and will continue to suffer both economic and non-economic harm.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff, CORTEZ OLIVER, respectfully requests that this Court enter Judgment in favor of Plaintiff and against Defendant and award the following relief:

    a. Declaratory relief, including but not limited to a declaration that Defendant ADVENIR retaliated against OLIVER in response to his complaints of discrimination on the basis of race;

    b. Appropriate injunctive relief, including but not limited to reinstatement of OLIVER'S position with ADVENIR and an order restraining ADVENIR from engaging in further discriminatory and retaliatory conduct of the types alleged in this Complaint;

    c. Back pay in an amount to be determined at trial;

    d. In the event reinstatement is not granted, front pay;

    e. Compensatory and consequential damages, including for emotional distress against defendant ADVENIR;

    f. Punitive damages against defendant ADVENIR;

    g. Pre-judgment and post-judgment interest at the highest lawful rate;

    h. Attorneys' fees and costs of this action; and

    i. Any such further relief as the Court deems appropriate.

**TRIAL BY JURY DEMANDED.**

    Respectfully submitted on this 11th day of October, 2022.

/s/ Barbra A. Stern
Barbra A. Stern, Esquire
Fla. Bar No. 526576
Law Offices of Barbra Stern PA
808 E. Las Olas Blvd. Suite 102
Fort Lauderdale, FL 33301
Phone: (954) 743-4710
Direct Dial (954) 239-7249
barbra@sternlawoffice.com
**ATTORNEY(S) FOR PLAINTIFF**